*Second Judicial District.*

## In the Court of Common Pleas of Lancaster County.

## A. D. HUMMER *v.* EPHRATA SCHOOL DISTRICT.

When a defective recognizance has been entered on an appeal by a treasurer of a school district, the proper course is to call upon the appellant by rule to perfect his bail within a specified time.

Rule granted to show cause why the appeal should not be stricken off.

Rule to show cause why plaintiff should not be permitted to perfect his recognizance by adding another surety.

Opinion delivered January 17, 1874, by

LIVINGSTON, P. J. The report of the township auditors in the case before us, appears to have been left with the town clerk of Ephrata township, on August 4, 1873. On August 22, 1873, A. D Hummer, treasurer of Ephrata township school board, entered his appeal therefrom, in the prothonotary's office, at Lancaster, and at the same time entered into and filed a recognizance with one surety, in the sum of one thousand dollars, being more than double the amount in controversy, conditioned to prosecute his appeal with effect, and to pay the costs and such sum of money as he shall appear, by the verdict of a jury, to be indebted to said school district, &c.; and so far as the responsibility of the parties bound to perform the condition of the recognizance is concerned, there seems to be no question. But the recognizance is deficient in this, that it contains the name of but one surety, whereas the act of assembly under which the appeal is taken, requires two sufficient sureties. The only real cause of complaint being a defective recognizance, the question presented is, shall the appeal be stricken off, or shall leave be granted to perfect it? Reasoning by analogy, we are of opinion the latter course should be pursued.

In cases of defective recognizances, given on appeals from justices of the peace, aldermen, and arbitrators, the Supreme Court, commencing with Means *v.* Trout, in 1827, and continuing up to the present time, say "That if the recognizance given on appeal from the award of arbitrators or a justice of the peace be defective, the party should be called on by a rule to perfect his bail within a given period, or, in default thereof, to have his appeal dismissed," the court ought not to quash the appeal in the first instance.

In Means *v.* Trout, 16 S. & R. 349, Gibson, C. J., says : " The recognizance is undoubtedly bad, but the question is whether the appellee has pursued the proper course ? Great hardship has, I fear, been suffered in consequence of the strictness with which these matters have been considered in this court. When bail has been defectively given within the

period prescribed, there can be neither injustice nor hardship, in suffering the appellant to perfect it, as soon as the defect is discovered ; such a practice would be in analogy to bail at common law. On the other hand, if a defect in the recognizance were irreparable, the appeal would be lost, and a great constitutional right frustrated ; such a mischief would be intolerable, &c. The proper course, therefore, will be to call upon the appellant by a rule, to perfect his bail within a specified time, or, in default thereof, to have his appeal quashed.". *Ibid*, Noble, for use of Wray, *v.* Houck, page 421.

In The Burgess, &c., of Huntingdon *v.* Jackson & Clark, 2 Penna. Rep., 431, decided in 1831, Rogers, J., says : " The proper course for the appellee, as was decided in Means *v.* Trout, was to call upon the appellant to perfect his bail in a specified period, or, in default, to have his appeal quashed."

In Bream *v.* Spangler, 1 W. & S 378, defective recognizance on appeal, decided in 1841, the court say : " This is a case of clear mistake by the justice, as well as the appellant, and the latter ought to have been suffered to perfect his bail, on the principle of Means *v.* Trout. It does not appear that the appellee was too late with his motion to quash, an adjourned court being part of the term. But it is clear it ought not to have been granted." The order to quash was reversed, and the appeal reinstated. The same principle is also fully recognized in Weidner *v.* Matthews, 1 Jones 336, decided in 1849, and in Carr *v.* McGovern, 16 P. F. Smith, 457, decided in 1870.

We therefore discharge the rule to show cause why the appeal should not be stricken off, and make absolute the rule to show cause why the appellant should not be permitted to perfect his recognizance, by adding another surety, and we do order and direct that the recognizance be so perfected within fifteen days from this date.

*S. H. Reynolds*, Esq., for plaintiff ; *N. Ellmaker*, Esq., for defendant.